# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DARON GLENN DUNN, | ) |
|     Movant, | ) NO. 3:07-1146 |
| v. | ) (CRIMINAL CASE |
| | ) NO. 2:00-00006) |
| UNITED STATES OF AMERICA, | ) JUDGE ECHOLS |
|     Respondent. | ) |

## ORDER

Daron Dunn filed *pro se* a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence (Docket Entry No. 1), to which the Government responded in opposition (Docket Entry No. 6).

In 2002 the Court sentenced Movant under the Career Offender guideline to serve 216 months of imprisonment following his guilty plea to one count of armed bank robbery under 18 U.S.C. § 2113(d). At the time of federal sentencing, Movant was incarcerated on a state sentence. This Court ordered Movant to serve his federal sentence consecutively to the state sentence. The federal Judgment and Commitment Order was entered on August 20, 2002. Movant did not take a direct appeal. Thus, Movant's conviction and sentence became final ten days later on August 30, 2002.

On October 31, 2007, Movant handed the instant § 2255 motion to prison mail room staff for mailing to the Court and the United States Attorney's Office. Movant asserts two claims. First, he contends that, at the plea colloquy, he understood he would receive credit for time served starting on the day the federal warrant/detainer was filed against him, yet his counsel was ill-prepared and failed to mention this issue at sentencing. Movant states he did not learn until eight months after he was received into federal custody for service of his federal sentence that he did not receive credit

1

for the time served while the federal detainer was pending. Second, Movant claims that his sentencing as a career offender under Guideline § 4B1.1 was unwarranted because he was not actually convicted of one of the offenses used to support the enhanced sentence. In attempting to justify the timeliness of his § 2255 motion, Movant states that his trial counsel rendered ineffective assistance when he advised Movant that he had one year from the time he was received into federal custody to challenge his conviction and sentence. Movant also requests the benefit of equitable tolling due to the extraordinary circumstances.

Movant's § 2255 Motion is barred by the one-year statute of limitations. See Ospina v. United States, 386 F.3d 750, 752-753 (6th Cir. 2004). A prisoner is "in custody" for purposes of § 2255 when he is incarcerated either in a federal or state prison, provided that the federal court has imposed sentence upon him. Id. at 752. Thus, the one year period for filing a § 2255 Motion ran while Movant completed the service of his state sentence. Movant did not file this Motion until more than four (4) years after his federal conviction and sentence became final. Consequently, the Motion is time-barred. The Court also notes that in the plea agreement Movant waived his right to file a § 2255 Motion on any grounds other than ineffective assistance and government misconduct.

The Government does not concede that trial counsel misled Movant about the timing of a § 2255 Motion and, in fact, submits the affidavit of attorney James A. Simmons who attests that he has no independent recollection of discussing the statute of limitations with Movant and does not believe that he did so. (Docket Entry No. 6-1, Simmons Aff. ¶ 8.) Even assuming that Mr. Simmons told Movant he had one year to file a § 2255 Motion after entering federal custody, the § 2255 Motion was still filed too late.

According to prison data supplied by the Government, Movant was received into federal custody for service of his federal sentence on October 12, 2006. If Movant was relying on counsel's advice, Movant should have filed his § 2255 Motion by October 12, 2007. Movant did not submit this Motion to prison authorities for mailing until October 31, 2007, and it is untimely.

2

Movant has not shown any basis for equitable tolling of the limitations period.  See Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001) (applying five factors from Andrews v. Orr, 851 F.2d 146 (6th Cir. 1988), which are: (1) movant's lack of notice of the filing requirement; (2) movant's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) movant's reasonableness in remaining ignorant of the legal requirement for filing his claim).  Movant had four months from the time he learned that he did not receive the sentence credit he was expecting until October 12, 2007, to prepare the instant Motion and file it with the Court.  Movant does not give any explanation why he waited until after the deadline passed to file the Motion.  Movant had notice of the filing requirement and he knew of his alleged injuries as identified in the two claims of his § 2255 Motion, but he did not diligently protect his rights, resulting in unreasonable delay.  Accordingly,

(1) the Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence (Docket Entry No. 1) is hereby DENIED as barred by the statute of limitations;

(2) this case is hereby DISMISSED WITH PREJUDICE;

(3) entry of this Order on the docket shall constitute entry of final Judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a); and

(4) because Movant cannot demonstrate that jurists of reason would find it debatable whether the Court was correct in its rulings, a Certificate of Appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE